UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AVENUE7MEDIA, LLC,

   *Plaintiff*,

v.                                                    Case No.  **SA-22-CV-00817-JKP**

RACHEL JOHNSON GREER,

   *Defendant*.

## O R D E R

Before the Court is Plaintiff Avenue7Media, LLC's Motion for Preliminary Injunction against Defendant Rachel Johnson Greer and the parties' responsive briefings. ECF Nos. 6, 14, 17. On November 30, 2022, the Court heard oral argument on the motion and, after hearing the parties' oral arguments, having reviewed the motion, responsive briefings, and supporting evidence, the Court **GRANTS IN PART** the motion, as set forth below:

## I.    BACKGROUND

In February 2022, Johnson Greer accepted an employment offer from and ownership equity in Avenue7Media. In June 2022, Avenue7Media terminated Johnson Greer's employment. Avenue7Media alleges that, since her termination, Johnson Greer has actively engaged in prohibited competitive activities in breach of the non-compete agreement she signed. Avenue7Media further alleges Johnson Greer actively committed tortious activities to damage Avenue7Media, including continuing breaches of her fiduciary duty as an equity holder, interference with Avenue7Media's contractual relationships, misappropriation and withholding of Avenue7Media's bank funds, and disparagement and defamation of Avenue7Media's business and leadership team.

## II.      LEGAL STANDARD

The Federal Rules of Civil Procedure specifically govern preliminary injunctions and temporary restraining orders. *See* Fed. R. Civ. P. 65. The primary difference between the two is whether "all interested parties had an opportunity to participate, thus allowing for full presentation of relevant facts" and this difference affects the appealability of the resulting order. *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 426 (5th Cir. Unit A 1981). While Rule 65(b)(1) permits courts to issue a TRO without notice to adverse parties in specified circumstances, Rule 65(a)(1) precludes issuance of a preliminary injunction without notice to such parties.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a preliminary injunction, the movant must demonstrate the following equitable factors: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) the grant of the injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)); *accord Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). Stated differently, a movant "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U. S. 7, 20 (2008). For purposes of issuing a preliminary injunction, the irreparable

injury must occur "during the pendency of the litigation." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990).

"A preliminary injunction is an extraordinary remedy and should only be granted if the [movant has] clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (internal quotation marks omitted). Granting such "injunction is to be treated as the exception rather than the rule." *Healthpoint, Ltd. v. Stratus Pharm., Inc.*, 273 F. Supp. 2d 769, 777 (W.D. Tex. 2001). Courts do not award such an extraordinary remedy "as of right." *Winter*, 555 U.S. at 24. Each case requires the courts to "balance the competing claims of injury and . . . consider the effect on each party of the granting or withholding of the requested relief." *Id.* (citation omitted). Whether to grant or deny a preliminary injunction lies within the sound discretion of the district courts. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982). When "exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (citation omitted).

Given the limited purpose served by a preliminary injunction and "the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex.*, 451 U.S. at 395. Accordingly, a movant "is not required to prove his [or her] case in full at a preliminary-injunction hearing." *Id.* To show a substantial likelihood of success on the merits, a movant "must present a prima facie case, but need not prove [entitlement] to summary judgment." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

When the parties present a factual dispute, the courts must provide them "a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996)). On the other hand, when "the party requesting the injunction cannot show that factual disputes exist regarding the required elements, and cannot introduce evidence sufficient to justify granting the motion, a hearing on the requested injunctive relief is unnecessary." *Id.*

## III.    DISCUSSION

### A.   Breach of Non-Compete Agreement

Avenue7Media has demonstrated its entitlement to preliminary injunctive relief to enforce its rights under the non-compete agreement executed by Johnson Greer as part of Avenue7Media's acquisition of Cascadia Seller Solutions, LLC. *See* ECF No. 6-1 at 24. Specifically, Avenue7Media has established it can satisfy each of the four elements necessary to demonstrate its entitlement to injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) the grant of the injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d at 595. The Court briefly summarizes its findings on each element below.

### i.   Substantial likelihood of success on the merits

The parties' agreement stipulates that Texas law governs this lawsuit. Under Texas law, to be valid, a non-compete agreement must be ancillary to or a part of an otherwise enforceable agreement at the time the agreement is made. Tex. Bus. & Com. Code § 15.50(a). The agreement must be enforceable under contract law principles, which, among other things, require the

covenant to be supported by consideration. *See, e.g. Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 650–651 (Tex. 2006) (covenant not to compete cannot be standalone promise from employee lacking any consideration from employer); *De Santis v. Wackenhut Corp.*, 793 S.W.2d 670, 682 n. 6 (Tex. 1996) ("An agreement not to compete, like any other contract, must be supported by consideration").

In this case, Avenue7Media provides evidence of a non-compete agreement that was ancillary to an enforceable Asset Purchase Agreement and was supported by consideration. Avenue7Media demonstrates it is likely to succeed on the merits of its claim that Johnson Greer breached the non-compete agreement by demonstrating she accepted employment with an Amazon and/or Walmart full-service agency and solicited former Avenue7Media clients.

### ii.   Substantial threat of irreparable injury if the injunction is not issued

Avenue7Media demonstrates it will likely suffer irreparable harm and injury if this Court does not enjoin Johnson Greer's conduct because it may lose additional clients and/or business if she continues to breach the non-compete agreement.

### iii. Threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted

The potential harm to Avenue7Media's business relationships outweighs any harm Johnson Greer may suffer by having the non-compete agreement she signed enforced.

### iv.  The grant of the injunction will not disserve the public interest

"It is in the public interest to uphold contracts and to enforce a remedy that is provided for by Texas law." *McKissock, LLC v. Martin*, 267 F.Supp. 3d 841, 860 (W.D. Tex. 2016) (quoting *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 571 (S.D. Tex. 2014)). The public interest is served by enforcing the parties' non-compete agreement to preserve the public trust in the enforceability of contracts.

The Court, therefore, grants Avenue7Media's request for preliminary injunction on its claim for breach of the non-compete agreement, as set forth below.

### B.  Other Relief Sought

The Court reserves ruling on Avenue7Media's claims for breach of fiduciary duty, violation of Theft Liability Act, business disparagement and defamation, and tortious interference with existing contracts. Specifically, injunctive relief on Avenue7Media's business disparagement and defamation claims is unavailable as a matter of law. *See Kinney v. Barnes*, 443 S.W.3d 87 (2014) (finding that, under Texas law, in most cases, granting injunctive relief on a defamation claim constitutes an impermissible prior restraint on constitutionally protected speech). Furthermore, Johnson Greer raises a fact issue as to whether Avenue7Media's Theft Liability Act claim is actionable under the parties' contract. Finally, the Court finds it can grant Avenue7Media's requested injunctive relief to enforce the non-compete agreement without reaching resolution on its claims for breach of fiduciary duty and tortious interference with existing contracts.

### C.  Bond Requirement

Under Federal Rule of Civil Procedure 65(c), a court may only issue a preliminary injunction "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, the Fifth Circuit has held that a bond is discretionary. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). In other words, this Court may enter a preliminary injunction and elect to require no bond at all. *Id*. Given the purpose of this order is to enforce the parties' executed contract, the Court finds Avenue7Media need not post any security in connection with the issuance of this order.

## IV.    PRELIMINARY INJUNCTIVE RELIEF GRANTED

The Court **GRANTS** Avenue7Media the following preliminary injunction to be in effect as of the date of this order. The Court **ORDERS** Johnson Greer is enjoined from:

- Engaging or owning, organizing, financing, leasing, operating, or investing in, directly or indirectly, any business engaged in a "Competitive Activity," defined as operating or becoming employed by an Amazon and/or Walmart full-service agency;

- Directly or indirectly, soliciting, calling on or attempting to solicit or call on any of the then current or past employees or independent contractors of Plaintiff or any of the then current or past customers, accounts or clients serviced by Plaintiff for the purpose of inducing such customers, accounts or clients to become an employee, customer, client or account of any Competitive Activity;

- Directly or indirectly, soliciting, calling on or attempting to solicit or call on any of the then current or past referral sources and contacts utilized by Plaintiff during Defendant's affiliation with Plaintiff, for the purpose of obtaining referral of customers or business from such referral sources and contacts in a Competitive Activity.

The above injunctive relief shall remain in place pending final determination of this matter at trial. All relief not granted is **DENIED**.

It is so ORDERED.
SIGNED this 1st day of December, 2022.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE